**FILED**

**AUG 27 2014**

**EUGENE R. WEDOFF,
BANKRUPTCY JUDGE**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re:                                                      )
                                                            )
                                                            )    Case No. 11 B 43927
MICHAEL P. STEVENS AND                                      )
BONNIE H. STEVENS,                                          )
                                                            )
                                                            )    Chapter 7
          Debtors.                                          )
                                                            )
                                                            )
                                                            )
                                                            )
                                                            )
                                                            )

# FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER GRANTING FINAL APPLICATION OF SPRINGER BROWN LLC, ATTORNEY FOR TRUSTEE, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

| | | | |
|---|---|---|---|
| TOTAL FEES REQUESTED: | $2,536.50 | TOTAL COSTS REQUESTED: | $0.00 |
| TOTAL FEES REDUCED: | $338.32 | TOTAL COSTS REDUCED: | $0.00 |
| TOTAL FEES ALLOWED: | $2,198.18 | TOTAL COSTS ALLOWED: | $0.00 |

## TOTAL FEES AND COSTS ALLOWED: $2,198.18

The attached time and expense entries have been underlined to reflect disallowance in whole or in part. The basis for each disallowance is reflected by numerical notations that appear on the left of each underlined entry. The numerical notations correspond to the enumerated paragraphs below.

**(2)    Unreasonable Time**

The Court denies the allowance in part of compensation for the following task since the professional or paraprofessional expended an unreasonable amount of time on this task in light of the nature of the task, the experience and knowledge of the professional performing the task, and the amount of time previously expended by the professional or another on the task. *In re Pettibone,* 74 B.R. 293, 306 (Bankr. N.D. Ill. 1987) ("The Court will determine what is the reasonable amount of time an attorney should have to spend on a given project... An attorney should not be rewarded for inefficiency. Similarly, attorneys will not be fully compensated for spending an unreasonable number of hours on activities of little benefit to the estate."); *In re Wildman,* 72 B.R. 700, 713 (Bankr. N.D. Ill. 1987) (same).

As to the time devoted to the preparation of the fee application itself, the Court denies the allowance of compensation that is disproportionate to the total hours in the main case. *In re Wildman,* 72 B.R. 700, 711 (Bankr. N.D. Ill. 1987) ("In the absence of unusual circumstances, the hours allowed by this Court for preparing and litigating the attorney fee application should not exceed three percent of the total hours in the main case."); *In re Spanjer Bros., Inc.,* 203 B.R. 85, 93 (Bankr. N.D. Ill. 1996) (compensation limited to 5%). *See also In re Pettibone Corp.,* 74 B.R. 293, 304 (Bankr. N.D. Ill. 1987) (citing *Coulter v. State of Tennessee,* 805 F.2d 146, 151 (6th Cir. 1986) (in non-bankruptcy cases, compensation for preparation and litigation of fee petitions limited to 3-5% of the hours of the main case)).

(7)     **Lumping**
The Court may impose a ten percent penalty for "lumping." *In re Wildman*, 72 B.R. 700, 709 (Bankr. N.D. Ill. 1987) ("Applicants may not circumvent the minimum time requirement or any of the requirements of detail by "lumping" a bunch of activities into a single entry. [citation omitted]. Each type of service should be listed with the corresponding specific time allotment.").

Dated: August 27, 2014

_____
Eugene R. Wedoff
United States Bankruptcy Judge

## ATTORNEY TIME

| | Employment of Professional Persons and Preparation of Fee Applications | | | |
|---|---|---|---|---|
| DATE | DESCRIPTION | HOURS | AMOUNT | ATTORNEY |
| 01/12/12 | Draft Motion to Employ Counsel to the Trustee, Notice and proposed Order | 1.0 | $405.00 | DRB |
| 01/12/12 | Draft Motion to Employ Special Counsel, Kevin E. O'Reilly, to the Trustee, Notice and proposed Order | 1.0 | $405.00 | DRB |
| 01/25/12 | Court appearance on Motion to Employ Counsel and Special Counsel | 0.5 | $202.50 | DRB |
| 06/06/14 | Draft Final Fee Application as Counsel to the Trustee ② ⑦ Trustee Fees vs. Atty Fees | ~~1.2~~ 0.159 | ~~$390.00~~ 51.68 | MMS |
| | SUB-TOTALS | 3.7 | $1,402.50 | |

| | Personal Injury Claim | | | |
|---|---|---|---|---|
| DATE | DESCRIPTION | HOURS | AMOUNT | ATTORNEY |
| 12/09/13 | Draft Motion to Approve Compromise, Notice and proposed Order | 1.0 | $405.00 | DRB |
| 1/07/14 | Court appearance on Motion to Approve; hearing continued | 0.5 | $202.50 | DRB |
| 01/08/14 | Draft Supplement to Motion to Approve as requested by Court | 0.8 | $324.00 | DRB |
| 01/21/14 | Court appearance on Motion to Approve | 0.5 | $202.50 | DRB |
| | SUB-TOTALS | 2.8 | $1,134.00 | |

| SUB-TOTALS | 3.7 | $1,402.50 |
|---|---|---|
| | 2.8 | $1,134.00 |
| GRAND TOTALS | 6.5 | $2,536.50 |

-338.32

Exhibit A